### PEOPLE v. CONLON.

(Supreme Court, Appellate Division, First Department. December 7, 1906.)

LARCENY—CONVICTION—EVIDENCE.

In a prosecution for grand larceny, evidence *held* sufficient to sustain a conviction.

Appeal from Court of General Sessions, New York County.

Martin Conlon was convicted of grand larceny in the first degree, and he appeals. Affirmed.

Argued before McLAUGHLIN, INGRAHAM, PATTERSON, LAUGHLIN, and CLARKE, JJ.

Martin Conlon, in pro per.

Robert C. Taylor, for respondent.

INGRAHAM, J. The defendant was convicted of larceny of the sum of $1,800, the property of one Ensign or one Darrah, the proceeds of a note given to the defendant by Ensign for discount. It is undisputed that Darrah owned a note made by one Beecher, of New Haven, Conn., dated June 23, 1902, and payable four months after date; that he delivered this note to one Sharp, with instructions to have the note discounted; that subsequently this note was received by Ensign from one Whelply, with instructions to get the note discounted, deduct 10 per cent. from it, and to pay Whelply the balance of the money; that about the 1st of July, 1902, Ensign delivered this note to the defendant for the purpose of getting it discounted, Ensign stating to the defendant that they could get 10 per cent. commissions if he could get the note discounted; that the defendant delivered the note to one Norden, and sent him to New Haven to see if the note was genuine, and, if it was, to get it discounted there; that Norden took the note to New Haven, sold it for $2,000, and returned with that $2,000 to New York. Norden testified that upon arriving at New York he met the defendant, went with him to a hotel, and, after deducting the expenses of his trip to New Haven and the commissions that he had paid there, he delivered the balance of the money that he had received to the defendant. The defendant denies that he met Norden at this hotel on the evening of Norden's return to New York, or that he received the money.

The only question of fact, therefore, was whether or not the defendant received the money from Norden; for the defendant does not allege

that he ever returned the money to Ensign, from whom he received the note, or accounted for it to any one else. The defendant upon this appeal appears mainly to rest his case upon the claim that this verdict of the jury was not sustained by the evidence, and for that reason the court should order a new trial. We have examined this evidence, and are at a loss to see how such a claim could be made, or how the jury could come to any conclusion except one which would result in the conviction of the defendant.

Norden testified that he arrived in New York with the very same bills that he had received from Atwater, who discounted the note, less $75 that he had paid to a broker, and $20 that he had paid to another man, and his expenses of the trip; that he met the defendant at the Grand Union Hotel; that he figured out the expenses and commissions that were paid, and handed the balance of the money, about $1,800, to the defendant; that the defendant then gave him $100 out of the money, and the defendant put the money in his pocket. Norden's testimony as to what happened at the hotel is corroborated by Albinger, who was present at the hotel with Norden and the defendant. Norden further testified that on the following day the defendant came to his office and gave him $1,500, with a request that Norden should open a bank account in his own name and deposit the money in it. This was on the 18th of July, 1902, and on that day Norden opened the bank account and deposited the $1,500 in it; that subsequently all this money was drawn out by the direction of the defendant, and the money was all appropriated by the defendant for his own purposes. This evidence was also corroborated by Albinger, and by one Horwitz, who was present when the defendant gave the $1,500 to Norden and requested Norden to deposit it in his bank to his credit. He also corroborates Norden in relation to the defendant's obtaining checks upon this bank account.

In the face of this testimony it is quite apparent that the defendant's denial of having received this money is substantially uncorroborated, and could not have justified the court in advising the jury to acquit the defendant, or in granting a new trial on the ground that the verdict is against the weight of evidence. The court submitted the case to the jury by a perfectly fair charge, to which no exception was taken, no request to charge being submitted to the court.

There are questions as to ruling on evidence which we have considered, but find no error. A consideration of the whole case has satisfied us that the defendant had a fair trial; that all of his rights were fully protected by the court; and a consideration of the whole testimony has satisfied us that the defendant is guilty.

It follows that the judgment appealed from should be affirmed. All concur.